Mr. Justice Clayton
delivered the opinion of the court.
This suit was brought in March, 1847, upon an open account, *421 due 1st of January, 1842, to which the statute of limitations was pleaded.
The evidence was, that in January, 1843, a witness presented the account to the defendant, who acknowledged it to be correct, and promised payment. There was proof, by another witness, that a short time before this suit was commenced, he presented the account to the defendant, who said there was one item in it he did not recollect; he refused to close it by note, but said he would see his brother, and see the plaintiffs, and make some arrangement about it.
If the suit had been brought within three years after the first presentment of the account, no doubt could exist as to the right of recovery. Not having been so brought, the plaintiff's now can-derive no advantage from that promise. Does the second promise take the case out of the statute 1
The act of 1844 provides, that all actions upon any account, shall be commenced and prosecuted within three years next after the cause of action shall have accrued. It also enacts “ that no promise or acknowledgment, either express or implied, shall operate to revive at law any action, or cause of action, from, the bar and limitation contained in the act; unless such promise be in writing and signed by the party to be charged thereby: provided, however, that the promise or acknowledgment to save the bar, may be made without writing, if it be proved that the very claim sued on was presented and acknowledged to be due and unpaid.” Hutch. Code, 832, sec. 10, 16.
The second promise set out in the evidence, does not come up to these requisitions of the statute. One of the charges was disputed; the defendant refused to give his note, but said he would see his brother and the plaintiffs, and arrange it. The probable object of his wish to see his brother, was to ascertain the correctness of the item which he did not recollect. It did not amount to an acknowledgment that the account was due, and did not justify the verdict and judgment in favor of the plaintiff's.
The judgment is therefore reversed, and a new trial awarded.